IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN DWAYNE DORSEY, TDCJ # 720821, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-03138 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## **MEMORANDUM AND ORDER**

The petitioner, Brian Dwayne Dorsey (TDCJ # 720821), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Dorsey has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the outcome of a parole revocation proceeding and the forfeiture of time credits. In addition, Dorsey has filed an application to proceed *in forma pauperis* [Doc. # 2]. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that the pauper's application must be **granted** and that this case must be **dismissed** for reasons set forth briefly below.

**I.    BACKGROUND**

Dorsey indicates that he was tried by a jury who convicted and sentenced him to twenty years in prison for second degree murder on August 1, 2001 [Doc. # 1, p. 2]. He states that he filed no appeal or post conviction writ challenging the conviction. Dorsey was paroled on May 31, 2000.

On July 20, 2011, Dorsey was arrested for driving while intoxicated (DWI), eleven days before the expiration of his parole. *Id.* at 6. On October 5, 2011, Dorsey entered a guilty plea to the DWI offense pursuant to an agreement that he would be sentenced to three years. The agreement was followed; however, Dorsey's parole for the murder conviction was revoked on October 12, 2011, despite the fact that he had discharged the sentence on August 1, 2011. Dorsey complains that the revocation was invalid and that he was wrongfully denied credit for the time he spent on parole. He seeks restoration of the time so that he may be released from custody.

Dorsey states that he exhausted all state remedies, but he did not file a direct appeal challenging the revocation [Doc. # 1, pp. 3-4, 9]. In addition, there is no record of a state application for a writ of habeas corpus being filed with the Texas Court of Criminal Appeals ("TCCA"). *See id.* at 4; Texas Court of Criminal Appeals website, http://www.txcourts.gov/cca. Instead, two applications for writs of mandamus were filed. *Id.* Dorsey alleges that he submitted a state habeas application

to the Harris County District Clerk on August 7, 2013 [Doc. # 1, p. 13]. When he received no answer, he filed his first application for a writ of mandamus. Dorsey alleges that the Clerk's Office answered that they had not received the writ application. He states that he then filed a second mandamus application and attached his 11.07 writ. *Id.* The TCCA denied both applications without a written order. *Ex parte Dorsey*, No. 80,357-01; *Ex parte Dorsey*, No. 80,357-02.

## II.     EXHAUSTION OF REMEDIES

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that

3

render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C). The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the TCCA once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004)

("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The exhaustion requirement applies to habeas petitioners challenging parole revocations. *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir.1998). Such challenges are routinely presented in state habeas applications. *See Campos v. Johnson*, 958 F.Supp. 1180, 1186 (W.D.Tex. 1997) (citing *Ex parte Nelson*, 815 S.W.2d 737 (Tex. Crim. App.1991)).

Dorsey acknowledges that the TCCA has not ruled on his state habeas corpus application. Moreover, the application has only been recently filed. A federal court should not adjudicate a federal writ application while there are any habeas claims under review by the state courts. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004) ("Thus, a petitioner is entitled to, and indeed often must invoke, "one full round" of collateral review in state court before seeking federal habeas relief.") (citing *Carey v. Saffold*, 536 U.S. 214, 222 (2002)); *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."); *see also Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an

unseemly and uncalled for interference that comity between our dual system forbids").

Case law excuses exhaustion if (1) the state courts inordinately delay adjudicating a petitioner's claims. *See Deters,* 985 F.2d at 795 ("[T]he exhaustion doctrine will not be applied when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights."); *Vail v. Estelle*, 711 F.2d 630, 632 (5th Cir. 1983) ("[A] federal habeas court must proceed when state procedures are so long delayed that they render the exhaustion requirement meaningless."); or (2) the state proceedings have become a "'procedural morass offering no substantial hope of relief,'" *Carter v. Estelle*, 677 F.2d 427, 447 (5th Cir. 1982) (quoting *Marino v. Ragen*, 332 U.S. 561, 564 (1947) (Rutledge, J., concurring)); *see also Carter v. Procunier*, 755 F.2d 1126, 1131 (5th Cir. 1985) ("The requirement for exhaustion is based upon the assumption that the state remedies available to the petitioner are adequate and effective to vindicate federal rights."). Dorsey indicates that his state habeas application has been pending for a little more than a year. Where the petitioner's state habeas application remains pending and absent a showing that his state remedy is inadequate, his state remedies have not been exhausted. *See Bryant v. Bailey*, 464 F.2d 560, 561 (5th Cir. 1972). The Court will not excuse the petitioner from complying with the exhaustion requirement

without his showing that the state system inordinately and unjustifiably delayed review of his claims so as to impinge upon his due process rights and show that the delay is wholly and completely the fault of the state. *Deters*, 985 F.2d at 795-96. Dorsey has failed to show that the state is completely at fault and the must wait until the state courts issue a decision on his pending writ application. He cannot be allowed to circumvent the state system and seek relief in federal court without allowing the state courts an opportunity to rule on his claims. *See Graham v. Collins*, 94 F.3d 958, 969 (5th Cir. 1996); *Deters*, 985 F.2d at 792-794. *See also Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir.1998) ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."); *Bryant v. Bailey*, 464 F.2d 560, 561 (5th Cir. 1972). If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).

### III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This

is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. *See Whitehead*, 157 F.3d at 386. Accordingly, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The application to proceed *in forma pauperis* [Doc. #2] is **GRANTED**.

2. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on his claims to the state's highest court of criminal jurisdiction. 28 U.S.C. § 2254.

3. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on November 10, 2014

Nancy F. Atlas
United States District Judge